IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:25-cv-865

| | |
|---|---|
| EMMA FENDEL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **COMPLAINT** |
| ) | **JURY TRIAL DEMANDED** |
| SHREEJI HOTEL GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |

COMES NOW Plaintiff Emma Fendel ("Ms. Fendel"), complaining of Defendant Shreeji Hotel Group, LLC ("Defendant"), alleges and says the following:

1. This action arises out of Defendant's unlawful discharge of Ms. Fendel in retaliation for her request for a leave of absence so that she could have gender-affirming surgery.

2. Defendant's conduct towards Ms. Fendel was a violation of the 1964 Civil Rights Act ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.*

## **PARTIES**

3. Ms. Fendel is a citizen and resident of South Carolina and is neither a minor nor incompetent.

4. At all times relevant to this Complaint, Ms. Fendel was an "employee" as that term is defined by Title VII, the ADA, and the FMLA.

5. Upon information and belief, Defendant Shreeji Hotel Group, LLC is a limited liability company duly organized and existing under the laws of the State of North Carolina with its principal office and place of business in Charlotte, Mecklenburg County, North Carolina.

6. At all times relevant to this Complaint, Defendant was an "employer" as that term is defined by Title VII, the ADA, and the FMLA.

1

## JURISDICTION

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Western District of North Carolina.

9. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of North Carolina.

10. Venue is proper pursuant to 28 U.S.C. § 1391 as to Defendant because Defendant conducts business in this judicial district. Venue is also proper because this district is where a substantial part of the events giving rise to the claims occurred.

11. Costs and attorneys' fees may be awarded pursuant to Title VII, the ADA, and the FMLA.

## ADMINISTRATIVE HISTORY

12. Ms. Fendel has exhausted all administrative remedies available to her.

13. On July 3, 2024, Ms. Fendel filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the July 3, 2024 Charge of Discrimination is attached hereto as Exhibit A.

14. The EEOC issued – and Ms. Fendel received – a "Dismissal and Notice of Rights" on July 31, 2025 for Ms. Fendel's Charge of Discrimination. A copy of the July 31, 2025 Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

15. This Complaint was timely filed within 90 days from the date Ms. Fendel received the Dismissal and Notice of Rights from the EEOC.

## FACTS

16. On or about March 17, 2021, Ms. Fendel was hired by Hotel Equities, LLC to work as Assistant General Manager at the Courtyard by Marriott in Charlotte, North Carolina.

17. At all times relevant to this Complaint and upon information and belief, Ms. Fendel was the only LGBTQ+ employee at the hotel where she worked.

18. Hotel Equities, LLC was the management company employed by Defendant to hire and manage employees for the Courtyard by Marriott in Charlotte.

19. On or about February 27, 2023, Ms. Fendel notified Defendant that she would be requiring three separate leaves of absence for medically necessary, gender-affirming care done in multiple stages.

20. The care requested by Ms. Fendel was medically necessary to treat her gender dysphoria.

21. Defendant approved Ms. Fendel's first leave of absence in February 2023.

22. For the first stage of Ms. Fendel's treatment plan, Ms. Fendel was on medical leave from June 6, 2023 through June 29, 2023, for her breast augmentation surgery.

23. Upon Ms. Fendel's return, she was on medical restrictions to not lift anything over ten pounds.

24. Defendant required Ms. Fendel to work by herself at the front desk and lift objects such as towels that exceeded the weight limit in Ms. Fendel's medical restriction.

25. Ms. Fendel went on medical leave again from August 16, 2023 through September 10, 2023, for her facial feminization surgery.

26. Defendant requested that Ms. Fendel push back the dates for her facial feminization surgery even though Defendant had already approved the time and FMLA leave.

27. Ms. Fendel's anticipated leave had already been pushed back because Defendant pressured Ms. Fendel to reschedule her procedures, even though they had been planned and coordinated with Ms. Fendel's medical team.

28. Ms. Fendel's surgeon, Dr. Elda Fisher ("Dr. Fisher") had to write a letter to Defendant explaining that Ms. Fendel could not push the surgery back as it was medically necessary for Ms. Fendel's treatment.

29. Ms. Fendel's surgeon was transitioning their practice from the University of North Carolina health system to Duke University's health system and could not schedule Ms. Fendel's surgery in the Duke system at that time.

30. Ms. Fendel returned to work for Defendant following these first leaves of absence.

31. In order to complete Ms. Fendel's required gender-affirming care, she submitted her third request for a leave of absence on or about February 15, 2024.

32. Defendant again approved Ms. Fendel's leave request.

33. Ms. Fendel's third leave request was necessary for her to undergo the following procedures: reconstruction of urethra, removal of testis, repair clitoris, removal of scrotum, island pedicle flap graft, removal of penis, and repair of vagina.

34. These procedures all required inpatient surgery and anticipated a minimum of a six-week recovery.

35. Ms. Fendel's anticipated leave was to begin on March 3, 2024 and she anticipated a return to work in the middle of April 2024.

36. Ms. Fendel applied for short-term disability and was accepted.

37. Due to a blood clot that happened during Ms. Fendel's final surgery, Ms. Fendel applied for an extension of her short-term disability but was denied, requiring her to appeal the decision.

38. On March 1, 2024, however, Defendant's Regional Manager, Lauren Cato, called Ms. Fendel to tell her that Ms. Fendel's position was being eliminated effective March 31, 2024.

39. In communicating Defendant's decision to fire her, Defendant told Ms. Fendel that they were eliminating all Assistant General Manager positions across their portfolio.

40. This, however, was untrue. Defendant retained other Assistant General Managers during the alleged restructuring.

41. Ms. Fendel's position was the only management position eliminated as part of this procedure.

42. At all times relevant to this Complaint, Ms. Fendel met and/or exceeded all reasonable expectations set by Defendant.

43. For example, Ms. Fendel was the subject of several positive reviews posted by former guests to her hotel. One such reviewer called Ms. Fendel "patient" and "professional."

44. Another such reviewer called Ms. Fendel "fabulous" and cited her for "the reason" they gave Defendant's facility a five-star rating in "Service."

## FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION
### 42 U.S.C. §§ 12101 *et seq.*

45. Ms. Fendel hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

46. Defendant is an employer under the ADA.

47. At all times relevant to this action, Ms. Fendel was a qualified individual with a disability, specifically gender dysphoria, which substantially limited and/or impaired her ability to perform everyday activities.

48. Alternatively, Defendant perceived Ms. Fendel as being disabled.

49. Defendant, by and through Ms. Fendel's supervisors and handlers, harassed and disparately treated Ms. Harless based on her disability, including but not limited to:

   a. Wrongful termination;

   b. Denial of a reasonable accommodation; and

5

    c. Other treatment that was wrongful and disparate on the basis of disability.

50. Defendant failed to reasonably accommodate Ms. Fendel.

51. As a direct and proximate result of Defendant's discrimination, Ms. Fendel has suffered loss of wages, including loss of back pay, loss of front pay, loss of amenities of employment and out of pocket expenses, emotional damages, embarrassment, humiliation, loss of reputation, and other similar damages.

52. Further, Ms. Fendel is entitled to recover her reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION – DISCRIMINATION
## 42 U.S.C. §§ 2000e *et seq.*

53. Ms. Fendel hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

54. Title VII provides, in relevant part, that "it shall be an unlawful employment practice for an employer … to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

55. Defendant engaged in unlawful employment practices prohibited by Title VII by intentionally discriminating against Ms. Fendel with respect to the terms and conditions of her employment because of her sex and gender identity.

56. Ms. Fendel's protected characteristics played a determinative factor in Defendant's decisions.

57. Defendant cannot show any legitimate nondiscriminatory reasons for its employment practices and any reasons Defendant proffers are pretextual.

58. As a result of Defendant's violations of Title VII, Ms. Fendel has suffered damages, including, but not limited to: past and future lost wages, pain and suffering, inconvenience, mental

6

Case 3:25-cv-00865-KDB-DCK     Document 1     Filed 10/29/25     Page 6 of 8

anguish, loss of enjoyment of life, humiliation, emotional distress, reputational harm, diminishment of career opportunities, and other harms, both tangible and intangible.

59. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Fendel's rights as protected by Title VII.

60. Further, Ms. Fendel is entitled to recover her reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION – INTERFERENCE IN VIOLATION OF FMLA
### 29 U.S.C. § 2615(a) *et seq.*

61. Ms. Fendel hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

62. Ms. Fendel was an eligible employee who was entitled to FMLA leave for her medical condition but that was interrupted by Defendant's discriminatory conduct.

63. Defendant believed that Ms. Fendel required FMLA leave in the immediate future due to her medical condition.

64. Ms. Fendel was discharged only days before she was going to require a leave of absence to treat her medical condition.

65. The clear interference with her right to protected leave under the FMLA caused her significant harm and stress.

66. Defendant's interference with Ms. Fendel's ability to take leave caused her harm.

67. As a direct and proximate result of Defendant's discriminatory conduct, Ms. Fendel suffered and continues to suffer economic and other nonpecuniary losses.

68. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Fendel's rights as protected by FMLA.

69. Accordingly, Ms. Fendel is entitled to recover punitive damages from Defendant.

70. Further, Ms. Fendel is entitled to recover her reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests the following relief:

1. Judgment for Plaintiff against Defendant on all causes of action contained herein;

2. Award Plaintiff damages, including liquidated damages, in an amount to be proved at trial;

3. Tax the costs of this action against Defendant and award Plaintiff reasonable attorneys' fees and costs;

4. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

5. All other relief which this Honorable Court deems just and proper.

This the 29th day of October, 2025.

                COUNSEL CAROLINA

BY: _/s/ Joseph D. Budd_
JOSEPH D. BUDD
N.C. Bar No. 44263
RAMONA M. SONNER-MYERS
N.C. Bar No. 63077
1100 Wake Forest Road, Suite 205
Raleigh, North Carolina 27604
joe@counselcarolina.com
919.373.6422
Facsimile: 919.578.3733